AO 106 (Rev. 04/10)  Application for a Search Warrant



FILED

JUL - 6 2018

RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

# UNITED STATES DISTRICT COURT
for the
Southern District of West Virginia

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No.  2:18-mj-00062
)
Black in color Samsung cell phone model S8 seized from Mary )
Haynes on June 11, 2018 )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Black in color Samsung cell phone model S8 currently located at MDENT Office in Dunbar, Kanawha County, West Virginia

located in the _____Southern_____ District of _____West Virginia_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | distribution of methamphetamine |
| 21 U.S.C. § 841(a)(1) | possession with intent to distributed methamphetamine |

The application is based on these facts:

See accompanying affidavit and attachments

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Gabriele Wohl, AUSA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: July 6, 2018
*Judge's signature*

City and state:  Charleston, West Virginia        Dwane L. Tinsley, United States Magistrate Judge
*Printed name and title*

# A F F I D A V I T

**STATE OF WEST VIRGINIA**

**COUNTY OF KANAWHA, to-wit:**

I, Jason Garbin, being first duly sworn, do hereby depose and state as follows:

## Affiant Experience and Training

1.  I am currently employed as a Detective with the Metropolitan Drug Enforcement Network Team (MDENT), and I have served in this capacity from approximately September 2016 until present. I am also a Lieutenant with the Nitro Police Department and have been so employed for approximately 13 years.

2.  Working for MDENT, I am charged with enforcing the controlled substances Act, Title 21, United States Code, and other duties as imposed by law. I have received extensive narcotics training in such courses as Drug Enforcement Administration's (DEA's) Basic Narcotics School, Drug Trends and Awareness, AHIDTA Cyber, Social Media and Drug Trends and Investigations, AHIDTA Behavioral Analysis and Interviewing Techniques, Police One Street Survival, and Lt. Col. Dave Grossman Bulletproof Mind Seminar.

3.  By virtue of employment your affiant performs and has performed various tasks which include, but are not limited to: functioning as an undercover agent primarily for the purpose

1

of obtaining information concerning drug traffickers and the inner workings of drug organizations; functioning as a surveillance agent observing and recording movements of persons trafficking in drugs and those suspected of trafficking in drugs; functioning as a case agent, which entails the supervision of specific investigations; tracing monies and assets gained by drug traffickers from the illegal sale of drugs; and interviewing witnesses and informants relative to the illegal traffic of drugs and the distribution of monies and assets derived from the illegal traffic of drugs.

4.   This affidavit is made in support of a search warrant for one (1) cellular telephone further described in Attachment A, in which I believe that there is probable cause that evidence of violations of Title 21, United States Code, Section 841(a)(1) – distribution of a controlled substance and possession with intent to distribute a controlled substance.

5.   The information detailed in this affidavit is based upon my personal investigation and reports made to me by other law enforcement officials regarding Mary HAYNES. The events described in this affidavit occurred in South Charleston, West Virginia and Charleston, West Virginia, both locations are located in the Southern District of West Virginia.

6.   This affidavit is intended to show that there is probable

2

cause for the requested search warrant and does not purport to set forth all of my knowledge of, or investigation into this matter.

7.    A controlled buy of methamphetamine from HAYNES took place on April 4, 2017, in HAYNES' vehicle in the area of the South Charleston Family Dollar at 4909 MacCorkle Avenue, South Charleston, West Virginia. The controlled buy was audio and video recorded, and the substance recovered was tested and confirmed to be methamphetamine by the Drug Enforcement Administration Mid-Atlantic Laboratory.

8.    On April 7, 2017, MDENT executed a state search warrant issued by a Kanawha County Magistrate Judge for HAYNES' residence at 4202 River Avenue, in South Charleston, West Virginia.  The search warrant was based on probable cause derived from MDENT conducting a controlled buy of illegal narcotics from HAYNES in South Charleston, West Virginia.

9.    During the execution of the search warrant, among other items, MDENT recovered (1) approximately 52.16 grams of methamphetamine on the kitchen counter, (2) approximately 14.13 grams of methamphetamine in the rear bedroom on a nightstand, and (3) approximately 1.47 grams of methamphetamine also in the rear bedroom on a nightstand. The substances recovered were tested and confirmed to be methamphetamine by the Drug Enforcement Administration Mid-

Atlantic Laboratory.

10.     On June 6, 2018, a Grand Jury sitting in Charleston, West Virginia, indicted HAYNES on two counts of 21 U.S.C. § 841(a): (1) distributing over 5 grams of methamphetamine on April 4, 2017; and (2) possession with intent to distribute over 50 grams of methamphetamine on April 7, 2017.

11.     On June 11, 2018, MDENT arrested HAYNES on the warrant issued for these charges. At the time of her arrest, HAYNES had on her person a black Samsung Galaxy phone, model S8.

12.     HAYNES' criminal history reveals 2005 convictions in Kanawha County Circuit Court for Operating or Attempting to Operate a Clandestine Drug Laboratory and Child Endangerment; a 2006 conviction in Putnam County Circuit Court for Operating a Clandestine Drug Laboratory; and a 2011 conviction in Kanawha County Circuit Court for Possession of a Stolen Vehicle.

13.     Based on my training, education, experience and discussions with other trained investigators, I know:

i. Drug traffickers frequently take or cause to be taken photographs or other images of themselves, their associates, their property and assets with cell phones.

ii. Drug traffickers communicate via cellular phones while transporting firearms, narcotics, and currency.  They also utilize cellular phones to discuss criminal activity before,

4

during, and after a particular criminal act.

14.     Based on my training, education, experience, and
discussions with other trained investigators, I also know that
most drug traffickers are like any other individuals in our
society, in that they maintain certain records on their
cellular telephones.  These records will normally be retained
for long periods regardless of whether their value to the
individual has diminished.  This type of evidence is often
generated, maintained, and subsequently forgotten about.
Hence, records maintained in cellular phones, that one would
normally think a prudent person would destroy because of their
incriminating nature are still possessed months or even years
after they came into the possession of the drug trafficker.
Some individuals do not even realize the incriminating nature
of the records they keep, including e-mails, text messages and
photographs.    Some deleted items, such as messages and
photographs, can be retrieved by forensic analysis.

15.     Following the execution of the search warrant on her home
in April 2017, a search warrant was issued by a Kanawha County
Magistrate for HAYNES' cell phone at the time, which was a
gold in color Samsung Galaxy model S6. The results of that
search warrant revealed text messages between HAYNES and other
individuals consistent with discussions of drug transactions.

16.     I am submitting this Affidavit in support of an

5

application for a warrant to search sent and received text messages, and other electronic messages ("Short Messages Service" or "SMS" messages, "Multimedia Message Service" or "MMS" messages, or electronic mail); all stored call logs, address books, contact lists, and calendars or schedules; any and all stored photos or other images; any and all stored voice memos or other recorded files; and any and all items referenced above that may have been deleted from the following electronic device: a black in color Samsung cellular phone, model S8, which is currently in the custody of MDENT at the MDENT office in Dunbar, Kanawha County, West Virginia, Southern District of West Virginia.

17.   The aforementioned cellular telephone is equipped with a camera, audio-recording capability, as well as all of the electronic data features and services which are described in the preceding paragraph.

18.   A cellular telephone or mobile telephone is a handheld wireless device used primarily for voice communications through radio signals. These telephones send signals through networks of transmitter/receivers called "cells," enabling communication with other cellular telephones or traditional "land line" telephones. A cellular telephone usually includes a "call log," which records the telephone number, date, and time of calls made to and from the phone.

19.    Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the portable electronic device described above was used in committing violations of Title 21, United States Code, Section 841(a)(1) – distribution of a controlled substance and possession with intent to deliver a controlled substance, and this device contains evidence of these violations.

20.    All of the above facts and circumstances taken together leads the affiant, a trained law enforcement officer, to believe that there is probable cause to believe that the sent and received text messages, and other electronic messages stored on the cellular telephone; the call logs, address book, contact lists and calendars or schedules stored on the cellular telephone, photos or other images; voice memos or other recorded audio files stored on the cellular telephone; and any and all items reference above that may have been deleted, will yield information that has been used to facilitate unlawful drug trafficking; and that there is probable cause to search the requested stored data; and finally, the cellular telephone described in Attachment A includes all of the aforementioned features.

7

21.     Searching the cellular telephone for the evidence described above may require a range of data analysis techniques.  In some cases, it is possible for agents to conduct carefully targeted searches that can discern evidence without requiring a time consuming manual search through unrelated materials that may be commingled with criminal evidence.  Criminals can mislabel or hide directories and other electronic data to avoid detection; or take other steps to frustrate law enforcement searches for data information. These steps may require agents to conduct more extensive searches, such as scanning areas of the device's memory not allocated to listed files, or opening every file and scanning its contents briefly to determine if it falls within the scope of the warrant.  In light of these difficulties, I request permission to use whatever data analysis techniques that appear to be necessary to locate and retrieve the evidence described above.

22.     Wherefore, I as your affiant, respectively request the issuance of a search warrant to search the identified stored data in the above noted cellular telephone.

23.     Further, your affiant sayeth naught.

_____

Jason Gavin
Detective
Metropolitan Drug Enforcement Network Team

Sworn to before me, and subscribed in my presence, this the
_6th_ day of July, 2018.

_____
Honorable Dwane L. Tinsley
United States Magistrate Judge

## ATTACHMENT A

## Description of Property to be Searched

One cellular telephone, black in color, manufactured by Samsung, model S8, that is currently in the custody of MDENT. This cellular telephone was seized from Mary HAYNES when she was arrested in Charleston, West Virginia, on June 11, 2018, by the Metropolitan Drug Enforcement Network Team (MDENT) and is stored in a manner so that the contents remain unchanged.

**ATTACHMENT B**

**DESCRIPTION OF PROPERTY TO BE SEIZED:**

Any property that constitutes evidence of the commission of or the conspiracy to commit a criminal offense; or contraband, the fruits of crime, or things otherwise criminally possessed; or property designed or intended for use or which is or has been used as the means of committing a criminal offense; to include, but not limited to the below items:

A. The contents of a cellular telephone, to include, but not limited to the following areas/items:

    1.  lists of customers and related identifying information;

    2.  types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

    3.  any information related to sources of drugs or firearms (including names, addresses, phone numbers, or any other identifying information);

    4.  any information recording the above-listed individual's schedule or travel;

    5.  all bank records, checks, credit card bills, account information, and other financial records.

6.   evidence of user attribution showing who used or owned the cellular telephone at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

7.   In addition, permitting the search of the memory of such devices for:

   a.  all telephone numbers and direct connect numbers or identities assigned to the device, including the Electronic Serial Number (ESN) and the International Mobile Subscriber Identity number (IMSI) relating to the cellular telephones;

   b.   call and direct connect history information, including dates, times, and duration of telephone calls, as well as the contact information related to those calls;

   c.  telephone book or list of contacts;

   d.   all photographs, video footage, text messages, and emails evidencing controlled substance distribution or possession of firearms;

  e.   text messages relating to firearms and/or drug transactions, payment for such transactions, or arrangements to meet for such transactions;

  f.   email messages relating to firearms and/or drug transactions, payment for such transactions, or arrangements to meet for such transactions;

  g.   photographs and/or videos, in particular photographs and/or videos of co-conspirators, assets, and/or controlled substances and/or firearms; and

  h.   access to social media available on the cellular telephone to search for the items listed in this attachment.

B. This warrant authorizes the search and forensic examination of a cellular telephone seized for the purpose of identifying the electronically stored information on the cellular telephone, including deleted information, that relates to violations of Title 21, United States Code, Section 841(a)(1) – distribution of a controlled substance, and possession with intent to distribute a controlled substance.